BENOIST & HACKNEY v. POWELL & WILSON.

A new trial will not be granted unless the motion for a new trial in the circuit court, and the grounds upon which it is asked, are preserved in a bill of exceptions.

Error to the Court of Common Pleas of St. Louis county.

*Darby for Plaintiffs in Error.*

The question is, as the plaintiffs made out their case, was the evidence offered by the defendants, sufficient to justify the court in giving a verdict and judgment for the defendants. The plaintiffs contend that it is not. Revised Code, p. 105, sec. 6 and 7; Baily on Bills, p. 50, sec. 6; Mason v. T. Rumsey, sen. and T. Rumsey, jr., p. 384, 1 Campbell's Rep.; Baily on Bills, p. 52; Winship v. the Bank of the Uni-

ted States, 5 Peters; S. C. R. page 529; Baily on Bills, p. 58; Bank of Rochester v. Brown, 7 Wendall, 158; Baily on Bills, page 58, Johnson v. Thompson, page 355, 3 vol. Missouri Reports; Martin v. Hays, 5 vol. Missouri Rep. 63; Williams v. Circuit Court of St. Louis county, 5 vol. Mo. Rep. page, 248; Pratte v. Blakey, 5 vol. Mo. Rep. page 205.

*Gamble & Walker for Defendants.*

1st. That where one partner gives the notes of the firm, for his private debt, the other partner is *not* liable when the notes are issued without his knowledge or consent, and the person receiving them *knows they are not for a partnership debt.* Lansing v. Gaine & Ten Eyck, 2 John. Rep. 300; Livingston v. Roosevelt, 4 Johns. Rep. 278, 279; Mercein v. Andrus, 10 Wendall's Rep. 461; Lloyd v. Freshfield, 22 Eng. Com. Law Reports, p. 382; Green v. Deakin, 3 Eng. Com. Law Rep. p. 377 ; Spireff v. Wilks, 1 East. Rep. 48 ; Ridley v. Taylor, 13 East. Rep. 175; Chagounes v. Edwards, 3 Peck. Rep. 15; 3 Kent's Commentaries, p. 42.

2d. The fact that *P. & J. Powell,* and not *Peter Powell & Co.,* endorsed the original note, is, in the absence of rebutting testimony, conclusive proof to show that the money was not obtained for the firm of P. Powell & Co. Livingston v. Hostie, 2 Come's Rep. 246; Dobb v. Halsey, 16 Johns. 34; 3 Kent's Com. p. 43; Foote v. Salim, 19 Johns. 154.

*Opinion of the Court by Tompkins, Judge.*

Benoist and Hackney brought their action against Powell, Fontaine and Wilson, and judgment being given against them, they come into this court to reverse that judgment.

The suit was brought on a promissory note made by Thomas L. Fontaine, payable to Peter Powell & Co, which company consisted of the defendants in this suit. The evidence showed that this promissory note was endorsed by Peter Powell & Co., and delivered to the plaintiffs, Benoist and Hackney. The endorsement was proved to be in the

SEPT'R TERM,
1841.

Benoist and
Hackney
v.
Powell and
Wilson.
hand writing of said Thomas L. Fontaine, the maker of said note, and one of the firm of Peter Powell & Co.. A clerk in the house of Peter Powell & Co. testified that he was at the store when the notice of this note becoming due was given : that he received the notice, and handed it to said Fontaine, who put it into his pocket: that there were no funds in the house of Peter Powell & Co. to meet said note: that the proceeds of the note could not have been applied to the business of the firm without some *"record"* being made of it. The defendants introduced another witness, who stated that he was a clerk in the house of the plaintiffs, Benoist & Co., and that he was present when the note sued on was given " in lieu of, and to lift another note, given by said Fontaine, endorsed by Peter Powell & Co. The original transaction was in the fall of 1839, on which Fontaine gave to the plaintiffs a note signed by himself as maker, and by P. & J. Powell, as endorsers. This note fell due, and was renewed several times by Fontaine giving a new note with P. &. J. Powell as endorsers, and finally the endorsement was changed by a new note given by said Fontaine, and endorsed by Peter Powell and Co. Witness did not know to what purpose the money originally obtained on the note was applied, nor did he know whether the plaintiffs knew that the money was obtained by Fontaine for his individual purpose, or to what purpose the same was applied ; but that he supposed it was for Fontaine's individual use, as it was *his* individual note ; and he said Fontaine personally negotiated the original loan and all said renewals : that he presumed the endorsement of Peter Powell & Co. was for security ; that he did not know of any dealings in the way of loaning money and discounting notes between the plaintiffs and defendants on account of Peter Powell & Co. except the transaction above stated by the witness."

The bill of exceptions having detailed, first, the evidence of Joseph V. Garnier, next of Waters, a clerk in the house of Peter Powell & Co., and thirdly, that of the last witness, clerk in the house of Benoist & Co., the plaintiffs, concluded thus: "To the giving of the said testimony of the said Waters, as hereinbefore stated, said plaintiffs by their coun-

sel objected; and said testimony was given on the trial of this cause. To the finding of the court sitting in this cause as a jury; and the judgment of the court therein, the plaintiffs by their counsel objected, and this, their bill of exceptions, is made out and signed by the judge as testimony in the case accordingly."

The only matter that could be properly excepted to among those above enumerated, is the testimony of Waters. I do not see that it is liable to any objection; and accordingly on the argument of the cause in this court, the counsel of the plaintiff's contended for a new trial, which they say was improperly denied by the circuit court. The bill of exceptions contains no motion for a new trial. The clerk's history of the proceedings in the court shows a motion for a new trial, with the usual reasons; and also an affidavit of Benoist, one of the appellants, stating the discovery of new evidence since the trial of this cause. If a new trial should be granted him, he expects to prove by Joseph Powell, originally a member of the firm of P. & J. Powell, that he said Joseph Powell endorsed the notes first mentioned by the witness, Hays, clerk of the plaintiff's, Benoist & Co., for said Thomas L. Fontaine, and that the facts of the said endorsements having been afterwards made by Peter Powell & Co., were known to the said firm of *said company*; and that by other testimony he expects to be able fully to establish that said members of said firm of Peter Powell & Co. were fully liable on said endorsement, &c. Admitting that all this was saved in the bill of exceptions, still a new trial ought not in my opinion to be granted. Where is the residence of this newly discovered witness, Joseph Powell, the man who endorsed as a partner the name of P. & J. Powell as security on several notes made by this same Thomas L. Fontaine, for this same sum of money, with an increase of interest now demanded in this cause? We are not told that he is a resident of the city of St. Louis. But from the facts detailed in evidence we are left to presume that he is a merchant long residing in the place. The circumstance that Fontaine always negotiated this loan in person, and first procured Joseph Powell to endorse the name of the firm of P. & J. Pow-

SEPT'R TERM, 1841.

Benoist and Hackney v. Powell and Wilson.

A new trial will not be granted unless the motion for a new trial in the circuit court, and the grounds upon which it is asked, are preserved in a bill of exceptions.

sept'r term, el on his notes as security, and that he afterwards endorsed
on notes made by himself the name of Peter Powell & Co.,
of which company he himself was one, was enough to in-
duce the plaintiffs to believe that the money was for Fon-
taine's private use; and who could be more likely to prove
that this drawing was known, if such were the case, to Pe-
ter Powell, one of the firm of P. & J. Powell, and at the same
time one of the firm of Peter Powell & Co. It might be
thought almost gross negligence not to have summoned Jo-
seph Powell in the first instance, living, as it were, at the
court house door; at least there is nothing shown to raise a
presumption that he is not a man of some length of resi-
dence in the city of St. Louis. If for such reasons as this,
new trials were to be granted, it would be vexatious to suit-
ers, and to dishonest men an opportunity might be afforded
to tamper with witnesses; and a new trial would be little
else than an appeal from one jury to another. But the mat-
ter not being saved in the bill of exceptions nothing more
need be said. The judgment of the circuit court is
affirmed.