WOODFIELD and Others *v.* BARBEE and Others.

Erroneous rulings, upon exceptions to interrogatories, in order to be available in this Court, must have been made the basis of a motion for a new trial below.

APPEAL from the *Tippecanoe* Common Pleas.

*Per Curiam.*—Suit upon a note. Judgment for the plaintiff. The defendant filed interrogatories, and excepted to the answers; and he excepted to the rulings of the Court upon his exceptions.

Should this latter exception be shown by a bill of exception, or by its being simply noted upon the record?

The proposition is a general one that objection to decisions of the Court must be taken by exceptions; and that the fact of the taking of the exception in each and every case must appear by the record. But how? Must it appear by bill of exception, or may it appear by being noted on the record? The code provides, (sections 345 and 346,) that where the decision of the Court is entered on the record, and the grounds of objection appear in the entry, a bill of exceptions shall not be necessary; otherwise, there must be a bill of exception.

What is meant by the decision and the grounds of it being entered upon the record? Does it mean every one that the clerk may see fit to enter upon the record; or is it limited to such matters as are embraced by section 559 of the code, or such as the Court orders of record?

Where is there a list of exceptions that may appear of record without a bill? Are those to instructions and rulings upon demurrers all?

We need not answer these questions here. There was no motion for a new trial in this case; and we think an erroneous ruling upon exceptions to interrogatories, to be brought

under review in the Supreme Court, must be made ground of a motion for a new trial.

And here again, the necessity arises, for a list of those matters which may be assigned for error in this Court without having been made the basis of a motion for a new trial.

The judgment is affirmed, with one per cent. damages and .costs.

*E. A. Greenlee,* for the appellants.