Small and others *v.* Douthitt and others.

| 1 | 335 |
|----|-----|
| 44 | 184 |
| 44 | 682 |

| 1 | 335 |
|----|-----|
| 82 | 111 |

JAMES M. SMALL *et al., vs.* WILLIAM P. DOUTHITT, Administrator, *et al.*

A party, by not excepting to the various rulings of the court, is deemed to have waived any errors therein.

The ruling of the supreme court in *Dudley vs. Reynolds,* on the question of the computation of interest, sustained.

A decree of a court, adjudging that there is due one of the parties to the suit one thousand and thirty-seven dollars and fifty cents, that judgment is rendered for that amount, but afterwards providing that in default of the payment of said sum of six hundred and one dollars and twenty-five cents, found due aforesaid for the space of six months, then the mortgaged property was to be sold to pay the said sum of six hundred and one dollars and twenty-five cents, is defective and a proper subject of correction.

The proper mode pointed out by the code to correct an error in a judgment is by motion under section five hundred and forty-six, subdivision three.

The legal effect and consequences of an amended judgment made *nunc pro tunc* are the same as if made at one term as a modification of a judgment rendered at a previous term.

At the October term of the district court a judgment was entered in this case below, among other things providing :

And now comes William W. Cleminson and Alfred F. Byler by their attorney, L. Dow, and thereupon came a jury of twelve good and lawful men of the counties of Shawnee and Osage, to wit : Daniel Herne and eleven others, thereupon on the proofs and allegations submitted, who, on their oaths, do find, on the issue joined, in favor of the said plaintiff, in these words, to wit :

" We, the jurors, find that Sallie R. Meade is the administratrix of the estate of George W. Meade."

It is further ordered and adjudged by the court, that the said James M. Small and Verlinda Small, did sign, seal, and deliver to the plaintiff intestate, the said mortgage deed, in her petition mentioned, on the day and year therein mentioned. And it is further ordered and decreed, upon the proof and allegation submitted by the said William W. Cleminson and Alfred T. Byler, that the said James M. Small and Verlinda Small did, on the twenty-fifth day of October, eighteen hundred and fifty-eight, sign, seal and deliver to the said W. W. Cleminson, a mortgage deed in and for the land aforesaid, to wit :

The south east quarter of section five in township twelve, south of range seventeen, east. "And the court do futher find, that on the sixteenth day of January, eighteen hundred and sixty, by his deed duly executed and delivered, transferred the last mentioned mortgage aforesaid and promissory note to the said Alfred T. Byler, and one said court further finds that the said James M. Small is owing and indebted to the said Alfred T. Byler as aforesaid, in the sum of ten hundred and thirty-seven dollars and fifty cents. It is therefore considered by the court that the said Alfred T. Byler recover of

the said James M. Small the sum of ten hundred and thirty-seven dollars and fifty cents, so as aforesaid found due, and his costs herein expended, and hereof let execution issue. It is further ordered, adjudged and decreed, that the said James M. Small and Verlinda Small be and remain forever foreclosed against the said mortgaged premises aforesaid, and that in default of the said James M. Small and Verlinda Small paying the said sum of six hundred and one dollars and twenty-five cents, found due aforesaid to Alfred T. Byler and his costs, and the further sum of one hundred and fifty-eight dollars and fifty-two cents, due Sallie R. Meade, administratrix, as aforesaid, and her costs, for the space of six months, the parties having hereunto considered that an order of sale issue to the master commissioner of this court, commanding him to appraise, advertise and sell the said mortgaged premises, to satisfy, first, the said judgment of Alfred T. Byler, for the sum of six hundred and one dollars and twenty-five cents and his costs, and the residue or so much thereof as may be necessary to satisfy the said judgment of the said Sallie R. Meade aforesaid, for the sum of one hundred and fifty-eight dollars and fifty-two cents, and the said James M. Small and Verlinda Small be and remain forever barred from all right and equity of redemption in and to the said mortgaged premises aforesaid.

Douthitt, who appears as defendant in error in the title of the cause, was subsequently made administrator *de bonis non.*

Other facts in the case appear in the opinion of the court.

*Elmore & Martin,* for defendants in error.

The errors assigned by the plaintiffs can only be considered irregularities, subject to review in the district court. (*Acts of* 1859, §§ 540, 546; 8 *Ohio State R.,* 201; *Palmetto Town Co. vs. Rucker, Sup. Court of Kansas Ter.,* at *June Term,* 1860, *Nos.* 54, 55.)

22

As to interest, see case of *Dudley vs. Reynoids.* (*Acts* 1855, *p.* 433; 16 *Ills.*, 108; 10 *Texas*, 189; 7 *Texas*, 461; 1 *Minn.*, 352; 2 *Cal.*, 597; 4 *Johnson Ch.*, 436; 4 *Yeats*, 220.)

The court below has the right to change, vacate or modify its own judgments and orders. (§ 546, *p.* 172, *Acts* 1859; 8 *Ohio State R.*, 201.)

By the Court, KINGMAN, J.    The petition in this case presents for review six assignments of error on the part of the court below.    But the record shows no exceptions to the various rulings of the court involved in the first four assigned errors, without which this court cannot review them.    The party, by not excepting to the various rulings of the court, is deemed to have waived any errors therein.

The fifth assignment of error is that the court erred in computing the interest on the note at the rate of five per cent. per month after maturity, instead of six per cent. per annum.

The note is of the same tenor and effect of the one considered by this court in the case of *Dudley vs. Reynolds,* and for the reasons therein stated, we think there was no error in the computation of interest.

The sixth error alleged is, that the court ordered a *nunc pro tunc* entry to be made at the October term, 1861, correcting a judgment rendered at a previous term of the court, on motion.

The original judgment was clearly defective.    The judgment is between various parties and is very long, and it is not necessary to copy it.    It adjudges that there is due Byler ten hundred and thirty-seven dollars and fifty cents; that judgment is rendered for that amount, but afterwards provides that in default of the payment of said sum of six hundred and one dollars and twenty-five cents, found due aforesaid for the space of six months, then the mortgaged property was to be sold to pay the said sum of six hundred and one dollars and twenty-five cents.

The pleadings would not justify the court in making the lien less extensive than the judgment, so that one or the other of these sums was error, and a proper subject for correction. The mode pointed out by the code is by motion. (*See third Subdivision of* § 546, *and Kellogg vs. Churchill*, 1 *West's Law Monthly*, 45; *Doty vs. Rigour*, 9 *Ohio St.*, 526.)

Our code has made very great innovations upon the common law rule of amendments, in allowing judgments to be corrected after the term at which they are rendered, on motion or by petition.

Motion was the proper proceeding in this case, as it is of a class of errors pointed out in the third subdivision of section five hundred and forty-six. The only difficulty we have had in the case, is that the amended judgment was formally made *nunc pro tunc*, instead of being at one term, as a modification of a judgment rendered at a previous term, but as in this case the legal effect and consequences are the same, and the party put in the same position, no injustice can possibly be done to him by such proceeding.

The judgment is therefore affirmed, and judgment against plaintiff in error for the costs in this court.

BAILEY, concurring.

This cause was argued and submitted at the summer term, 1862, and COBB, C. J., did not sit in the case.