HARDERLE v. THE CITY OF LAFAYETTE *et al.*

PRACTICE.—If a party desires to avail himself of errors committed in the court below, he must take the proper steps there to bring such errors properly to the attention of this Court.

APPEAL from the *Tippecanoe* Circuit Court.

WORDEN, J.—Complaint by *Harderle* against the appellees, stating, in substance, that the plaintiff was the owner of a certain lot in the city of *Lafayette*, describing it, bounded on the east by *Tenth* street, and on the north by *North* street; that said streets furnish the only means of ingress and egress to and from said lot, without which streets the lot would be of little or no value; that, from time immemorial, water, in

Harderle *v.* The City of Lafayette et al.

large quantities in rainy weather, has been accustomed to flow from a certain point on *Tenth* street, through certain described parts of the city, but not upon or over said *North* or *Tenth* streets, adjoining the plaintiff's said lot. A map showing the natural course of this stream, called *Pearl* river, accompanies the complaint. It is averred, that in times of wet weather, this is a rapid stream, of considerable · size—too large to be conveniently passed through in the ordinary mode of travel through the city; that the city, through the Mayor and Common Council, are about to change the natural and usual course of said stream, by converting and changing said *North* street and said *Tenth* street at points named, including the parts of said streets adjoining the plaintiff's lot, into a. *ditch* or *drain*, by grading the same forty feet wide in a *concave* form, for which purpose the Mayor and Common Council have passed several orders, which are set out; that the proposed change in the streets will render them of little or no value as streets, and greatly obstruct the free passage over the same to and from the plaintiff's lot, and will lessen its value to the amount of 900 dollars; that no compensation has been provided by the city, or paid or tendered to the plaintiff, for his damage; that on the plaintiff's lot there is a dwelling-house and other improvements fitted up as a residence for himself and family, and that the proposed change will work an irreparable injury to the plaintiff; that the flow of water could be disposed of by proper sewerage along the several streets of the city across which said natural flow passes, and that the proposed improvement will do an unnecessary damage to the plaintiff's property; that *Shultz* is a contractor under the city to do the proposed work, and is about to enter thereon, &c. Prayer for an injunction, &c.

On this complaint issue was taken, and affirmative matter was set up not material to be here noticed. The cause was tried by a jury, who returned the following verdict:

Harderle *v.* The City of Lafayette et al.

"We, the jury, find for the plaintiff; and we further find the proposed change in *North* and *Tenth* streets, mentioned in the complaint, is not a street improvement."

On this verdict the plaintiff moved the Court to grant a perpetual injunction, enjoining and restraining the defendants from changing said streets, at the places mentioned, into a *ditch* or *drain*, for the flow of the water of said *Pearl* river, as prayed for in the complaint.

This motion was overruled, "the Court being satisfied, from the evidence, that there was no purpose or intention so to do on the part of the defendants; but the intention on the part of the defendants was to grade said streets in such a manner as to drain the water through the same, and to so grade the streets as not to interfere with their use as streets."

The Court, however, enjoined the defendants from making the proposed grade in the manner specified, at the expense of the property-holders bordering on said streets, but left the city at liberty to make the grade at the expense of the city.

The plaintiff excepted to the ruling of the Court in refusing to grant the injunction as moved for.

It is the opinion of a majority of the Court that the judgment below must be affirmed. As those who concur in this opinion are not entirely agreed as to the ground of affirmance, a discussion of the questions involved would serve no good purpose, and the case can have no value as a precedent.

The plaintiff complains of the rejection of certain evidence offered by him on the trial. He did not move for a new trial, or to set aside the verdict for any cause; hence, the error, if one was committed, is not available.

*Per Curiam.*—The judgment below is affirmed, with costs.

*R. C. Gregory,* jr., for the appellant.