ABRAM GRANDSTAFF v. WILLIAM SCOFFIN.

*Error from Wyandotte County.*

ERROR: FAILURE TO OBJECT.—When a record shows that a party was present and participating in the proceedings during the entire progress of a suit before a justice of the peace, and errors and irregularities occur in such proceedings, in regard to which he makes no objection, or takes any exception, but passes over and acquiesces therein, a reviewing court will not, for such errors and irregularities, reverse this judgment of the justice, and especially so, when the errors and irregularities are such as might and would have been corrected, had the attention of the justice been called thereto, at the proper time.

A statement of the facts of the case more full than that contained in the subjoined opinion is not deemed necessary for the elucidation of the points determined.

*Bartlett & Hale,* for plaintiff in error.

*No appearance* for defendant in error.

*By the Court,* SAFFORD, J.

After a careful examination of the record in this case, we have been unable to find such a state of facts presented as will justify the interference of this court. No exceptions or objections to the rulings or action of the justice of the peace, before whom the case was originally tried, were taken, or if taken, they are not preserved in the record. But on the other hand, the plaintiff here and below seems to have been present through all of the proceedings before such justice, and participating therein.

WAIVER OF Errors. If, therefore, there was error or irregularities occurring at the trial, and the party silently passed them over and acquiesced therein, it is not too much to say that he should not be allowed to take advantage of them afterward; and especially when it is considered that such errors and irregularities, if they existed as claimed in this case, might and would have been corrected, had the attention of the justice been called to them at the proper time.

A similar state of facts exists in regard to the proceedings in the district court. No exceptions or objections were taken thereto, although the plaintiff in error is shown to have been present during their entire progress, and has also failed to make any application for a rehearing. We think that under such circumstances, and for the purposes of this case, the proceedings therein must be allowed to stand.

Judgment of the district court affirmed.

All the justices concurring.