### PRUDENCE LEE V. LEE LOVERIDGE.

JUSTICES' COURTS; *Motion for Continuance; Exception.* The decision of a justice of the peace on a motion for a continuance must be excepted to, or any error in his ruling will be waived.

### *Error from Labette District Court.*

MRS. LEE sued *Loveridge* before a justice of the peace for money loaned, and recovered judgment. The district court, at the July Term 1872, reversed said judgment, and Mrs. *Lee* brings the record here for review. The facts are stated in the opinion.

*F. A. Bettis*, for plaintiff in error:

1. The judgment of the justice should not have been reversed. No error is apparent upon the record; but if error existed, as alleged, it was fully waived by subsequent appearance and answer.

2. If the overruling of the motion for continuance was error, it was not excepted to, and was consequently waived: Laws of 1870, ch. 88, §§ 13, 14; § 185 of justices' act; § 299 of civil code; 1 Kas., 335; 2 Kas., 160. But it was not error to overrule the motion for continuance. The record shows a jury was demanded, and that both plaintiff and defendant participated in the selection of the jury before the motion was made. Nor was the affidavit for continuance a compliance with § 81 of the justices' act. It "proves" nothing. It cannot be possible that an affidavit upon which perjury could not be assigned, should be deemed sufficient to obtain a continuance. If Loveridge was indebted to Lee as alleged, and had no possible defense, still every word in his affidavit might have been true; but a continuance upon it would have given him an unjust advantage not intended by the law, for, if he owed the money, and had no defense, he "could not safely go to trial for the want of material testimony which he had been unable to procure,"—for, having

no defense, he certainly "wanted" in material testimony to constitute a defense, and he had been unable to procure it, because it had no existence. Doubtless such an affidavit, with such mental reservations, would be moral perjury, but not such perjury as could be reached and punished by the law. The difficulty with the affidavit is, that it does not assert, state or indicate that Loveridge *had any defense*, or that he *had any material testimony* to support one. That he had a legal defense, and that material testimony which he had been unable to procure, *was in existence*, are without doubt propositions which he must prove under said § 81. This case is distinguished from *West v. Rice*, 4 Kas., 563. The testimony in that cause distinctly averred the *existence* of the evidence.

But the principle in the case of *West v. Rice* might well be reconsidered. The statute says that a continuance may be had by establishing certain conclusions by "proof." Conclusions are established, *not* by swearing to the conclusion itself, but by testimony establishing facts from which the conclusion is deducible. That it never was the intention of the legislature to make an affidavit in the language of the statute sufficient, is evident from the provision that the proof may be made by the oath of the party or "otherwise;" further, the court indicates in *West v. Rice* that the affidavit may be countervailed by proof. How could that be possible if the first affidavit was in the language of the statute? It is not the province of the courts to indulge in judicial legislation, but it is their province to so construe legislation as to shut the door against moral perjury. Is it possible that the question whether testimony is material or not, is to be decided by somebody swearing it is material? There are some things a legislature cannot do. They cannot empower a party to a cause to swear that to be the law which is not the law, and so win his case or an advantage. And if the legislature were to enact so foolish a provision, it would be the duty of courts to either declare it invalid, or so construe it, as to make it con-

formable to the rules of common sense, and common honesty and justice.

*Ayres & Fox*, for defendant in error:

1. The petition in error seeks to reverse the entire judgment or order; but the plaintiff voluntarily proceeded to a new trial on the merits, under the decision, and so waived his rights to bring error on it. He enforced the judgment, and now seeks to reverse it. This he cannot do. 3 Abb., 142; 17 Abb., 229; 4 E. D. Smith, 139; 7 Paige, 206; 18 N.Y., 481; 16 How. Pr., 483.

2. The defendant before the justice, filed the affidavit required by the statute, *in hæc verba*. The court in analagous cases holds this to be the proper practice. This court in *West v. Rice*, 4 Kas., 563, held that this was sufficient.

3. It is submitted that the technical act of noting an exception to a ruling does not apply to justices' court practice, and the question was not raised in the district court.

The opinion of the court was delivered by

BREWER, J.: Prudence Lee brought an action before a justice of the peace and recovered a judgment for $239.30. The defendant Lee Loveridge filed his petition in error in the district court to reverse such judgment and obtained a judgment of reversal. Plaintiff in error now prosecutes her proceeding in error in this court seeking a reversal of the judgment of the district court, and an affirmance of that of the justice. Two grounds of error were alleged in the petition filed in the district court. First, "that the justice erred in overruling a motion to dismiss, for want of service of summons." This point is not pressed by counsel in their brief, and the record shows service at the residence. Second, "Error in overruling a motion for continuance." It is a sufficient and complete answer to this averment that no exceptions were taken, and therefore if there was any error it was waived: Laws 1870, p. 186, ch. 88, §§13, 14; *Small v. Douthitt*, 1 Kas., 335; *Koehler v. Ball*, 2 Kas., 160; *Grundstaff v·*

*Scoffin,* 5 Kas., 165; *Lalonde v. Collins,* 5 Kas., 361; *Kykendall v. Clinton,* 3 Kas., 85. This last case is exactly in point, and decisive of the question.

Counsel for defendant in error state in their brief that after the judgment of reversal in the district court the case was tried in that court *de novo* upon all the issues, and judgment rendered in his favor. The record shows no such fact, and of course it were useless to speculate as to the effect of any such judgment.

The district court erred in reversing the judgment of the justice. The case will therefore be remanded to the district court with instructions to set aside its order of reversal, and to affirm the judgment of the justice.

All the Justices concurring.