## F. H. HOSTETTER v. J. S. HOKE.

1. DECISION ON DEMURRER—*Not Excepted to, Not Reviewable.* Where the district court sustains a demurrer to the defendant's answer, and no exception is taken to the ruling of the district court, the supreme court will not consider the same.

2. PERSONAL LIABILITY; *Mere Words of Description, do not Change Character of Liability.* In an action against F. H. H., personally and individually on a negotiable promissory note, where the defendant and maker of the note, says in the note: "I, administrator of the estate of W. R. G., deceased, promise to pay," etc., and signs his name to the note as follows—"F. H. H., administrator of the estate of W. R. G., deceased"—and judgment was rendered in favor of the plaintiff and against the defendant personally and individually for the amount of said note and interest, *held*, that as such a judgment may under some circumstances be properly rendered on such a note, and as there was no exception taken to any ruling, order, finding or decision made by the court below, such judgment must be sustained by the supreme court.

Hostetter v. Hoke.

*Error from Nemaha District Court.*

ALL necessary facts are stated in the opinion. *Hoke,* as plaintiff, had judgment at the October Term 1874. *Hostetter* brings the case here on error.

*Joseph Sharpe,* for plaintiff in error.

*Horton & Waggener,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note. The note reads as follows:

"$194.00.                                 January 5th, 1871.

Four months after date, for value received, I, administrator of the estate of Walter R. Gage deceased, promise to pay to J. S. Hoke & Co., or order, the sum of $194.00, with interest at the rate of 12 per cent. per annum after maturity until paid.    Payable at the Exchange Bank, Atchison, Kansas.

                                 F. H. HOSTETTER,
          *Administrator of the estate of W. R. Gage, deceased."*

The defendant answered, that he executed this note in the capacity of administrator of the estate of W. R. Gage, deceased, and not in his own individual capacity. The plaintiff demurred to this answer on the ground that it did not state facts sufficient to constitute either a cause of action or a defense. The court sustained the demurrer, and no exception was taken thereto. The court then proceeded with the hearing of the case, and found in favor of the plaintiff and against the defendant for the amount of the note and interest, and rendered judgment accordingly. No exception was taken to the hearing, or finding, or judgment. Indeed, no exception was taken to any ruling, order, finding or decision of the court below. Therefore we cannot reverse the judgment of the court below. We cannot even consider the ruling on the demurrer, or any other ruling not excepted to. And just such a judgment as was rendered may under some circumstances be properly rendered on just such a promissory note. Aside from what is shown by the note itself, and by the an-

swer of the defendant, which was demurred out of existence, there is nothing to show that said note ever had any connection with the business of said estate, or even that the estate itself ever had any existence in fact. Mr. Parsons says that "An administrator or executor can only bind himself by his contracts; he cannot bind the assets of the deceased. Therefore, if he make, indorse, or accept negotiable paper, he will be held personally liable, even if he adds to his own name the name of his office," etc. (1 Pars. Notes and Bills, 161; see also, to the same effect, Daniel on Negotiable Instruments, 202, § 262.) In the case of *Ferrin v. Myrick*, 53 Barb. (N. Y.) 76, 91, 92, a case cited by plaintiff in error, the court say: "The law is however too well established to admit of question, that an executor or administrator by ordering such expenses [for gravestones] makes himself personally liable for them. This is one proposition, but it does not necessarily follow that the estate he represents may not also be liable. Indeed, if there are assets it is admitted that the estate is ultimately liable." It will be noticed that the note in this case is a negotiable note, and therefore, under all the authorities, the defendant bound himself personally for its payment, even though the estate may also be liable. But it is not shown in this case that the estate is or ever can be made liable.

The judgment of the court below will be affirmed.

All the Justices concurring.