JOHN B. LALONDE v. ROBERT L. COLLINS.

*Error from Miami County.*

1. RECORD: EXCEPTIONS.—Where error is alleged to have occurred, on the trial of a cause in an inferior Court, and such error is relied upon as grounds for the reversal of judgment therein, the record in such cause, or the bill of exceptions, if there be such bill, must show affirmatively, that the matters and things so alleged to have been erroneous were duly excepted to, otherwise this court will not consider the question, as to whether they were so or not.
2. ID: WAIVER.—In such a case a failure to save the exceptions by having them noted in the proceedings, or by a bill of exceptions, will be held as a waiver thereof.[*]

The facts of the case sufficiently appear in the subjoined opinion, to present the point decided by the court. Briefs of points, doubtless involved in the case, were filed by both parties, but as the decision is based upon a preliminary question, their insertion is not deemed important.

*W. R. Wagstaff*, for plaintiff in error.

*J. A. Hoag*, for defendant in error.

*By the Court*, SAFFORD, J.

This case is not presented in such manner as will authorize or require this court to consider the question as to whether or no error did in fact occur at and during the trial below. The only exception which appears in the record and bill of exceptions is that excepting to the ruling of the court in denying the motion of defendant for a new trial, which said motion was based on the fol-

[*]So held in a case where the assignment was of "error of law occurring at the trial and excepted to."

lowing grounds, to-wit: "Error of law occurring at the trial and excepted to by the said defendant."

But this exception will not avail the plaintiff in error anything, inasmuch as the record utterly fails to show that *any error* of *law* occurred at the trial which *was* excepted to. It may have been an oversight in the party excepting; but it is nevertheless the fact as the case is brought before this court. When a party desires to save exceptions, the record must in some way affirmatively show that they have been duly taken; otherwise they will be regarded as waived.

The judgment of the district court will be affirmed. All the justices concurring.