## THE CITY OF ATCHISON v. CHARLES BYRNES.

1. NEW TRIAL, *How Waived.* The rule adopted in *Nesbit v. Hines,* 17 Kas. 316, that any matter for which a new trial may be granted is waived by the neglect of the party to move for a new trial, approved.

2. ———— *Waiver of Error.* The failure to except to the overruling of a motion for a new trial is a waiver of error as to such ruling, and all alleged errors of law occurring at the trial, for which a new trial might be granted.

3. MACADAMIZING STREETS; *Liability of City.* Where a city of the second class executed, on July 25th, 1872, a contract with B. for macadamizing certain portions of its streets, and, to pay for the same, agreed to levy legal assessments upon the particular property liable for the payment thereof, on or before August 13th, 1872, and certify the same to the county clerk, as required by law, and on the completion of the work, to issue to the contractor assessment bonds, and the city failed to levy a sufficient tax to pay for the work done, and refused to issue all the assessment bonds to which the contractor was entitled, and neglected to otherwise provide means to pay for the work done, *held,* that the city was liable to the contractor for the balance due him for the work performed under the contract, in an action brought by him to recover such balance.

*Error from Atchison District Court.*

ACTION brought by *Byrnes* against *The City of Atchison* to recover an alleged balance of $667.50, with interest, for mac-

| 22 | 65 |
|----|-----|
| 42 | 635 |
| 22 | 65 |
| 44 | 638 |
| 22 | 65 |
| 47 | 674 |
| 22 | 65 |
| 50 | 312 |
| 22 | 65 |
| 54 | 617 |
| 22 | 65 |
| d55 | 50 |
| 22 | 65 |
| 57 | 367 |
| 22 | 65 |
| 58 | 267 |
| 22 | 65 |
| 78 | 34 |

adamizing Commercial street in said city, in 1872, under a contract between the parties to the action dated July 25th, 1872. Trial at the June Term, 1877, of the district court. Verdict and judgment for plaintiff *Byrnes.* The defendant brings the case here on error.

*H. C. Solomon,* city attorney, and *D. Martin,* for plaintiff in error.

*Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 9th of April, 1873, the defendant in error commenced his action against the plaintiff in error to recover an alleged balance of $667.50, with interest, for macadamizing Commercial street in said city, in 1872, under a contract between the parties to the action dated July 25th, 1872. On February 22d, 1877, an amended petition was filed for work done, alleging the amount due; that the city had not collected from the abutting owners the cost of the macadamization; that the work was performed in every respect in accordance with the plans and specifications of the city engineer, and under his direction, and to his acceptance and satisfaction; that the defendant in error complied with all the conditions and specifications of the contract; that the city did not perform its part in any respect, but wrongfully and negligently failed and refused to make the necessary assessments for the payment thereof or issue bonds therefor to the contractor. On June 13th, 1877, the plaintiff in error filed its answer, containing a general denial; also, alleging that defendant in error failed to perform the contract on his part, and that a settlement was had with him in December, 1872, for all the work done by him, and that he was paid in full. A reply was filed June 19th, 1877.

At the June term, and on July 16th, 1877, the case came on for trial before the court and jury, and on July 17th, 1877, the jury returned a verdict in favor of the plaintiff for "$334, with interest from December 24th, 1872, at the rate

of seven per cent. per annum." The court rendered judgment on the verdict for $439, and $66.95 costs.

On July 19th, 1877, a motion for a new trial was filed on the part of the city, which embodied all the statutory grounds except the allegation of accident or surprise. This motion was heard August 14th, 1877, and overruled. No exception was taken to the overruling of this motion, or to the rendition of the judgment. Certain bills of exceptions were approved, signed and filed in the case during the June term of court, and plaintiff in error, among other reasons, seeks a reversal of the judgment on account of errors alleged to have occurred during the trial. Counsel for defendant in error object to the consideration of these alleged errors, because no exceptions were taken to the overruling of the motion for a new trial. Counsel for the plaintiff in error answer by earnestly challenging the rule adopted in *Nesbit v. Hines,* 17 Kas. 316, that any matter for which a new trial may be granted is waived by the neglect of the party to move for a new trial, and insist that the failure to except to the overruling of such a motion is not a waiver of error to the ruling of the court, or of the previous rulings on the trial. Elaborate briefs have been furnished us in support of these views, and the questions are thoroughly and learnedly discussed, as if they were original subjects for our determination. Being merely questions of practice, and having been once settled in this state, we deem it better to adhere to our previous rulings; especially is this best upon the points presented, in view of the numerous decisions of other states supporting our own in this regard. We therefore approve the rule of practice recognized in *Nesbit v. Hines,* supra. In addition to the cases there cited, we refer to *Fowler v. Young,* 19 Kas. 150; *State v. Swarts,* 9 Ind. 221; *Henly v. Kern,* 15 Ind. 391; *Heron v. Saucer,* 13 Ind. 148; *Robinson v. Hadley,* 14 Ind. 417; *Woodfield v. Barbee,* 18 Ind. 320; *Torr v. Torr,* 20 Ind. 118; *Harderle v. Lafayette,* 20 Ind. 234; *Lures v. Botte,* 26 Ind. 343; *Railroad Co. v. McCartney,* 1 Neb. 398; *Mills v. Miller,* 2 Neb. 317; *Wells, Fargo & Co.*

1. Rule approved.

*v. Preston,* 3 Neb. 444; *Horbach v. Miller,* 4 Neb. 31; *Cropsey v. Wiggenhorn,* 3 Neb. 108; *Creighton v. Newton,* 5 Neb. 100; *Gibsen v. Arnold,* 5 Neb. 186; *Hull v. Miller,* 6 Neb. 128; *Hosford v. Stone,* 6 Neb. 378; *Benoist v. Powell,* 7 Mo. 224; *Floersh v. The Bank,* 10 Mo. 516; *Lancaster v. Ins. Co.,* 62 Mo. 121, 127; opinion of DILLON, J., in *Rindskoff v. Lyman,* 16 Iowa, 260.

Again, the absence of any exception to the ruling of the court upon the motion for a new trial, is fatal to any review of the errors therein alleged, as the decisions of our courts have been frequent and uniform, that the failure of a party 2. Waiver of error. to except to a decision is a waiver of his right to object. After having waived it once, he cannot afterward interpose any objection on that score. (*Brown v. App,* McCahon's Rep. 174; *Garvey v. Schollkopf,* McCahon's Rep. 179; *Bliss v. Burnes,* McCahon's Rep. 91; *Osgood v. Haverty,* McCahon's Rep. 182; *Small v. Douthitt,* 1 Kas. 335; *Grandstaff v. Scoffin,* 5 Kas. 165; *Lalonde v. Collins,* 5 Kas. 361; *Crowther v. Elliott,* 7 Kas. 235; *Lyons v. Badenhamer,* 7 Kas. 455; *Lee v. Loveridge,* 11 Kas. 485; *Hostetter v. Hoke,* 17 Kas. 81.)

With this view of the questions of practice which have been presented, we can only consider upon the record whether the amended petition is fatally defective. This presents, mainly, the inquiry whether the only remedy of the defendant in error was by mandamus to compel the levy of a special assessment for the improvement, or the issue of bonds for the costs of such macadamizing.

This inquiry is virtually disposed of in favor of the right of the defendant in error to recover upon his claim against the plaintiff in error, by the case of the *City of Leavenworth v. Mills,* 6 Kas. 288, and the case recently decided of the *City of Wyandotte v. Zeitz,* 21 Kas. 649.

When the city of Atchison failed to levy a sufficient tax to pay for the work done, and refused to issue all the special assessment bonds to which the contractor was entitled, or otherwise provide any means for paying the balance due him,

he had no other alternative, except bringing suit; and as the city was liable to him for the balance unpaid, his action was rightfully brought and prosecuted in the court below against that corporation.

We have examined all the other questions submitted, but in the condition of the record nothing further need be said.

The judgment of the district court will be affirmed.

All the Justices concurring.