## PHŒBE A. BLACK, *et al.*, v. JANE DRAKE, *et al.*

PLAINTIFFS in error filed a motion for a rehearing of the above case, which motion the court heard at its session in March, 1883, and at its session in May, 1883, filed the opinion, *infra*.

*James D. Snoddy*, for plaintiffs in error.

*Beeson & Baker*, for defendants in error.

*Per Curiam:* This case was decided at our July term for 1882, and is reported in 28 Kas. 482. Upon the presentation of the case at the July term, owing to the unexpected engagements of counsel it was submitted without argument

on the part of the leading counsel of plaintiffs in error. Since the decision of this court a motion for a rehearing has been filed, and the cause has been argued orally before us at this time in behalf of the parties prosecuting the proceedings in error. It is now contended that the questions which the plaintiffs in error rely upon for a reversal of the judgment, have never been considered by this court. This is true, because the attention of the court was never called, by argument or otherwise, prior to the filing of the motion for a rehearing, to the particular questions now presented. An examination of these questions, however, satisfies us that the judgment of the district court must be affirmed. The principal complaint against the petition filed in the court below, is that —

"The plaintiffs below should not be permitted to join a cause of action which existed against the decedent, James G. Black, in his lifetime, with a cause of action against his heirs, which last cause of action arose, and could only have arisen, after his death; and that the plaintiffs below could not join in a cause of action with the heirs of James G. Black a cause of action against the administrator of James G. Black."

In our opinion the petition is not liable to the construction placed upon it by counsel alleging its defects. The action is not prosecuted against Phœbe A. Black, Nathan Dupont and William Black *as* the administrators of the estate of James G. Black, deceased, and no judgment is prayed against them *as* such administrators. Although reference is made in the petition to the wrongful withholding of the premises by James G. Black in his lifetime, yet as the action is not against the administrators in a fiduciary or representative capacity, and as the heirs of James G. Black, deceased, are only liable for the debts of the ancestor to the amount of the property which descended to them from him, and as no showing is made concerning any assets descending, we must assume from the petition that the action is personally and individually against the parties defendant in the court below for their

joint acts, and not against them as administrators or heirs. (*Hostetter v. Hoke*, 17 Kas. 81; Williams on Executors, 6th Am. ed. 1687; Bac. Ab., *Heir and Ancestor*, 1, p. 629.) If the parties who happened to be the administrators of James G. Black, deceased, and the heirs of said Black, jointly acting unlawfully, together keep the plaintiffs in error out of the possession of the premises described in the petition, they are personally liable to be dispossessed therefrom, and also liable for the rents and profits actually received by them. As the court below permitted the defendants to answer after the overruling of the demurrer, we perceive no good ground of complaint, in the view we entertain of the petition, in its refusing to permit plaintiffs below to plead generally.

The motion for a rehearing will be denied.