WILLIAM H. HOOVER, ASSIGNEE, ETC., PLAINTIFF IN ERROR, v. LUTHER D. ROBINSON, DEFENDANT IN ERROR.[a]

**Bankruptcy.** The assignee of a bankrupt under the United States bankrupt law of 1867, can maintain an action in a state court in his own name, for property claimed to belong to the estate of the bankrupt.

THIS was a civil action commenced in the district court of Nemaha county, by William H. Hoover, assignee in bankruptcy of Andrew J. Scott. The case was submitted on the following agreed state of facts:

That Scott prepared and swore to a petition for the purpose of filing the same in the United States District Court for the district of Nebraska, on the ninth day of April, A. D. 1868; that said Scott filed said petition in said court on the fifteenth day of May following; that on the second day of June of the same year, said Scott was adjudged a bankrupt; that the plaintiff was appointed assignee in bankruptcy of the estate of said Scott on the sixth day of July, A. D. 1868, and on the last named day, the estate of Scott was assigned to said Hoover in accordance with the provisions of the United States bankrupt law, approved March 2, 1867. That the property, for the value of which this action was brought, was bought by said Andrew J. Scott of Thomas Beard, on or about the fifteenth day of April, A. D. 1868; that on or about the

[a] Decided at Special Term, February, 1872.

first day of June following, said Scott sold said property back to Beard; that said Beard sold said property to the defendant before the commencement of this action; that before the commencement of this action, and after defendant purchased and took possession of the said property, and while defendant had possession thereof, plaintiff demanded the same of the defendant, with which demand defendant refused to comply; that the property in controversy was worth seventy-five dollars; that plaintiff claims said property wholly by virtue of said assignment to him as assignee, and that defendant claims said property wholly by virtue of said purchase from Beard; that Scott purchased said property from Beard on credit and gave his note therefor; that at the time above stated Beard returned Scott's note and took back the property; and that defendant believed said property belonged to, and was owned by Beard when he purchased the same. The court below decided that it had no jurisdiction, and dismissed the suit. To review this judgment a petition in error was filed in this court.

*E. W. Thomas and J. H. Broady*, for plaintiff in error, among other points, presented the following:

The assignee in bankruptcy succeeds to all the rights of a bankrupt, and for the purpose of collecting in the assets, may go into any state tribunal into which the bankrupt himself could have proceeded if there had been no bankruptcy; and has the additional privilege of proceeding in the court of bankruptcy. It is his duty to choose the least expensive mode of procedure in the interest of the estate. In this case it was not only his right, but his duty to proceed in the state courts. The assets, when collected, are of course distributed only by the courts of bankruptcy. 14 *U. S. Statutes at Large*, 517. *Ward v. Jenkins*, 10 *Metcalf*, 583. *In re Hugh Campbell*, 1

*Bankrupt Register. In re Thomas Noakes,* 1 *Bank-rupt Register,* 164. *Maurer v. Franz.* 4 *Bankrupt Register,* 242. *Peiper v. Hanna,* 5 *Bankrupt Register,* 252.

No counsel for defendant in error.

MASON, CH. J.

The question raised in the present case is whether the assignee of a bankrupt under the United States bankrupt law of 1867, can maintain an action in the state courts of Nebraska, in his own name as such assignee for property which he claims belongs to the estate of the bankrupt, on the state of facts set forth in the record presented to this court. Chancellor Kent says, "state courts may in the exercise of their ordinary, original and rightful jurisdiction, incidentally take cognizance of cases arising under the constitution, the laws and treaties of the United States." 1 *Kent Com.* 397. Congress does not confer jurisdiction upon the state courts, but creates a legal right in the assignee in bankruptcy to recover the property of the bankrupt. The jurisdiction is the ordinary jurisdiction of state courts acting upon legal rights which have been created by Congress. The law of Congress affects the rights and imposes obligations upon the parties litigant. These rights may be enforced by the state courts in the ordinary exercise of their jurisdiction. They enforce a legal right or compel the performance of a legal obligation. This is but the exercise of the jurisdiction conferred upon the state courts by the laws creating them. The state courts are to give force and effect to the laws of Congress as the supreme law of the land. This bankrupt law is the law of Nebraska as much as any statute enacted by our own legislature, deriving its vitality from another source but of equal authority. The

national government has the constitutional authority to pass a bankrupt law and declare what shall constitute acts of bankruptcy, and at what time in the proceedings, and under what circumstances the debtor shall be deprived of all personal control of his property; to provide for his legal representative, and vest in such representative all the rights of the bankrupt, as to the institution of actions at law in his own name, as fully and effectually as the same would vest in an administrator appointed under the provisions of the state law. The bankrupt law vests all the property of the bankrupt in the assignee, and confers upon him power to sue as fully and effectually as could the bankrupt himself; and a debt due to the bankrupt or property withheld from him by any person, is such right of property and vests in the assignee. The assignee by operation of law becomes the legal representative of the bankrupt and entitled to sue in his own name in the capacity of assignee and this by virtue of a general law of Congress having effect throughout the whole Union.

*Mitchell v. Great Works Milling and Manufacturing Co.*, 2 *Story R.* 655. *Ward v. Jenkins*, 10 *Metcalf*, 583. 14 *U. S. Statutes at Large*, 517.

We think there was error in the court below in finding that it had no jurisdiction, and its judgment is reversed and cause remanded for further proceedings.

REVERSED AND REMANDED.