## Robertson v. Hall.

PRACTICE: *Appeals.* A judgment rendered in an action at law, during the prosecution of which in the District Court no exception was taken to any ruling, cannot be brought to the Supreme Court by appeal, and there tried *de novo.*

MASON, Ch. J.

This is a motion to dismiss an appeal claimed under title 21 of the Revised Statutes.

The action was an ordinary one in replevin to recover the possession of one twenty-five horse-power stationary steam-engine, including driving-wheel and main shaft, and one cast-iron boiler-front. The defendants answered, denying that they wrongfully detained, or that they ever did wrongfully detain, from plaintiff's possession, the property in the petition described. The issue joined was tried before the Douglas-County District Court and a jury, at the September term, 1870; and a verdict found for the defendants, and their damages assessed at a hundred and sixty-seven dollars. The plaintiff filed a motion in the Court below to set aside the verdict, and for a new trial; which motion was overruled; and, at the same term, judgment was entered upon the verdict. This action is strictly one at law. No exceptions were taken by the plaintiff to any ruling of the Court below, and no error of that Court is assigned in the record in this Court.

The defendants move to dismiss the appeal, and assign the following grounds for the motion: —

No exceptions were taken in the Court below. No such proceeding as an appeal for trial *de novo*, in an action at law, from the District to the Supreme Court, is known to our law.

ROBERTSON *v.* HALL.

Unless the law gives plaintiffs a legal right to demand a jury and a trial *de novo*, the defendant's motion should prevail. When we became a State, it was enacted, as a part of the fundamental law, that all laws in force should remain in force until altered, amended, or repealed by the legislature ; and that, wherever in the statute the word " Territory " occurred, it should be construed to mean " State." See Constitution of Nebraska, Schedule, art. 1. What is now, and then was, chap. xiii. of the Revised Statutes, was enacted at the third session of the territorial legislature in 1857, and has been the statute law of the Territory and State ever since. The provisions of our State Constitution in respect to the organization and jurisdiction of courts does not differ from the organic act. Chap. xiii. of the Revised Statutes, enacted in 1857, relates to courts and their jurisdiction, and is adapted to our Constitution now as well as when we were a Territory. Sect. 1 of said chapter reads as follows : " The Supreme Court of the (Territory) State shall have and exercise appellate and final jurisdiction of all matters of appeal, or writs of error, that may be taken from the judgments or decrees of the District Courts in all matters of law, facts, and equity, when the rules of law, or principles of equity, appear, from the files, exhibits, or records of said courts, to have been erroneously determined." This section is too plain for misconstruction. The rules of law and the principles of equity, as well as the facts over which the Supreme Court exercise appellate jurisdiction, must appear from the files, exhibits, or records of the District Courts, and from no other source. It is important to bear in mind, in passing upon this question, that regard must be paid, not only to the language of the particular section now under consideration, but to our entire system of practice as regulated by

ROBERTSON v. HALL.

statutory law. Since the enactment of chap. xiii., our statutes have provided for appeals in chancery, and for writs of error in proceedings strictly on the law side of the Court; and it has been the uniform practice in this Court to consider no questions except those which were presented in the transcript of the record filed in this Court. If the legislature had intended that issues of fact should be tried in this Court by a jury, they would have provided some mode for obtaining jurors. This they have not done. Who shall summon the jury? From what district of country shall they be drawn? We think the judicial power of this Court is limited to the questions presented by the transcript of the record from the Court below. The motion to dismiss the appeal in this case must be sustained.

Ordered accordingly.

*J. I. Redick*, for motion.

*Savage* and *Manderson*, contra.