GEORGE M. MILLS, PLAINTIFF IN ERROR, v. GEORGE L.
MILLER, DEFENDANT IN ERROR.

**Practice:** APPOINTMENT OF REFEREES. The district court has authority,
in proceedings in partition, to appoint a referee to take an account of rents
and profits, as well as three referees to make partition of the premises.

———: AMENDMENT OF PLEADINGS. The discretion exercised by the dis-
trict court, in the amendment of pleadings, is a legal discretion, and if it
appears that the amendment sought to be made, is in furtherance of
justice, it will be held to be error to refuse such amendment.

THIS action was commenced in the district court of
Douglas county, to obtain a partition of certain real
estate therein situated, and for an account of the rents
and profits of the same.

The court entered a decree appointing three referees to make partition of the premises, and another referee. to take an account of the rents and profits. The referees appointed to make partition reported that the premises could not be divided and recommended that they be sold. Their report was confirmed, and they were directed to sell the premises, and report their proceedings upon the sale to the court for its examination. At this point the defendant arrested the proceedings by a *supersedeas* bond, and brought the case to this court by petition in error. A hearing being had at the special February Term, A. D. 1872, the judgment of the district court was affirmed. *Mills v. Miller,* 2 *Neb.,* 299. Afterwards, and upon the coming in of the report of the referee appointed for the purpose of taking an account of rents and profits, the court found the sum of $1,409.50 due the defendant in error on account of rents and profits, and entered judgment, directing that the proceeds arising from the sale of the premises be applied in payment of said sum to the defendant in error, and the balance to be equally divided between the parties to the suit.

To review these proceedings, the cause was again brought to this court. A general statement of the case appears in the opinion of the court. Mills, the plaintiff in error here, was defendant in the court below.

*O. P. Mason* and *Seth Robinson,* for plaintiff in error, submitted the following points:

I.   There is in fact but one cause of action, not two, and there is no analogy between this case and an action to recover possession of real property. The case at bar resembles more closely a suit for dower and for an account of rents and profits, which is never divided into two causes of action. 2 *Van Santvoord's Pleading,* 289.

II.   But even if there be two causes of action in this

case, the code has limited the number of referees which may be appointed, in any case, to three. The court has no power to appoint more, and it is error to appoint more. *Code of Civil Procedure, Sections* 298, *et seq.*, *and* 812, 820, 829, 834.

III. The report should have determined the amount of Creighton's incumbrance.

*Gilbert* and *Swartzlander*, for defendant in error, contended:

I. The court below did not err in overruling the motion of the plaintiff in error for leave to file an amended answer to the petition of the defendant in error.

*First.* The motion was made more than a year after the ruling of the court sustaining the demurrer to the original answer, during which time the cause was referred to a referee to take an account of the rents and profits, etc., and a large amount of testimony was taken on the part of the defendants as well as the plaintiffs, and closed on both sides, and a report thereon by the referee made and filed in the court; and also the question of actual partition of the premises was referred during the same time to other referees, who duly filed their report which was confirmed by the court.

*Second.* The plaintiff in error failed to show any defense whatever to the petition, but based his motion solely upon a false allegation, alleging "that affiant has had no opportunity until this term to make an application to file an amended answer." The court very properly denied the motion.

II. The order of the court below for an account to be taken before J. R. Hyde, referee, did not and could not embrace any matters not referred to in the pleadings. The referee was not only to take testimony, but to report

the same to the court with his conclusions thereon, giving to such report the character of a verdict of a jury, so that this court will not disturb the findings thereon by the court below on questions of fact.

The finding of the court stands precisely like the verdict of a jury. To except to the verdict of a jury when returned would be a novel practice indeed. Neither has the exception to the finding or to the final judgment of the court anything to recommend it but its novelty. *The State v. Swartz*, 9 *Ind.*, 221.

III. The plaintiff in error claims that the court erred in finding the sum of $1,409.50 due from the plaintiff in error to the defendant in error, and in ordering the same to be paid to the said defendant out of the proceeds of the sale of the premises. The court did not err, but a mistake was made in entering said order or judgment upon the record of the court in not ordering *twice* said sum to be paid to the said defendant in error out of the proceeds of the sale of said premises, which mistake was afterwards corrected by the court.

MAXWELL, J.

On the 30th day of July, 1870, George L. Miller and wife filed their petition in the district court of Douglas county against George M. Mills and wife, defendants, setting forth " that said plaintiff and defendant had been seized as tenants in common and joint owners, since the 21st day of December, 1868, each of the undivided one-half of the west thirty-four feet of lot number seven, in block number one hundred and twenty in the city of Omaha, and that said George M. Mills had received the rents and profits of said premises from the date of their said joint ownership, and praying for partition and an account.

The defendant demurred and upon the overruling of

the demurrer, filed an answer. To this answer the plaintiff demurred, and this demurrer was sustained by the court. The court found the facts stated in the petition to be true, and rendered judgment in partition, appointing three referees to make partition of the premises. The court also appointed a referee to take an account of the rents and profits of the premises since December 21, 1868, and of the improvements thereon made by the parties respectively, to take testimony offered by either party as to the value of the use of the premises from said date, and the amount received by the parties, and the amounts expended for taxes, insurance, and repairs, to all which defendant excepted. The referees appointed to make partition made their report stating that the premises could not be divided without great prejudice and injury to the owners, and recommending that a sale of the same be made. The court confirmed the report of the referees, and ordered a sale of the premises, to which defendant excepted.

The referee appointed to take an account, found the amount due defendant in error to be $1,559.50. Defendant then asked leave to file an amended answer, which motion was overruled by the court, defendant excepting thereto. Defendant then filed thirteen exceptions to the report of the referee, the first, second, and third of which were sustained by the court, on the ground, *first*, that the report did not state an account of the rents and profits; *second*, that the report failed to show the amount expended for improvements; and *third*, that the report failed to show the items of the amounts paid for taxes and repairs. The cause was again referred to the same referee, who again reported the balance due Miller at $1,559.50, when exceptions were filed to this second report of the referee. After a hearing the court modified the report of the referee, finding the amount due the defendant in error to be $1,409.50, and rendered judg-

ment against Mills for that amount, and a decree that the same be paid out of the proceeds of the sale of said premises, to which defendant excepted, and the defendant now brings the case, by petition in error, to this court.

The counsel for plaintiff in error expressly disclaims any error in the record prior to the appointment of the referees by the court to make partition.

Our statute provides, in cases of partition, as follows:

" SEC. 809. Each of the parties appearing, whether as plaintiff or defendant, must exhibit his documentary proof of title, if he has any, and must file the same, or copies thereof, with the clerk."

" SEC. 810. If the statements in the petition and answer are not contradicted in the manner aforesaid, or by the documentary proof exhibited as above required, they shall be taken as true."

" SEC. 811. After all the shares and interests of the parties have been settled in any of the methods aforesaid, judgment shall be rendered confirming those shares and interests, and directing partition to be made accordingly."

" SEC. 812. Upon entering such judgment the court shall appoint referees to make partition into the requisite number of shares." *General Statutes*, 652.

Section three hundred and one of the code provides, that "in all cases of reference, the parties, except when an infant may be a party, may agree upon a suitable person or persons, not exceeding three, and the reference shall be ordered accordingly; and, if the parties do not agree, the court shall appoint one or more referees, not exceeding three, who shall be free from exception." *General Statutes*, 576.

This is the general provision in the chapter providing for a trial by referees; how far it is applicable to the case at bar will be hereafter considered. A referee is a person to whom a cause, pending in court, is referred by the

court, to take testimony, hear the parties and report thereon to the court, and upon whose report, if confirmed, judgment is entered.

While the parties appointed to make partition are styled referees, their duties are such only as are pointed out in the law providing for partition. Their report is not liable to be set aside by filing exceptions thereto, under the general provisions relative to the report of referees. But, as under the practice in chancery, if either party is dissatisfied, upon good cause being shown, the report may be set aside by the court, and new referees appointed as often as may be necessary, or the report may be amended in respect to any mere formal inaccuracy. 1 *Van Santvoord's Equity Practice*, 551. And it has been held that the report would not be disturbed, except upon the grounds similar to those upon which the verdict of a jury would be set aside and a new trial granted. *Doubleday v. Newton*, 9 *Howard's Practice*, 71.

It is contended by the plaintiff in error, that the court erred in appointing a referee to take and state an account between the parties. Story says, 1 Equity, Sec. 65, " cases of a different nature involving equitable compensation, to which a court of law is utterly inadequate, may easily be put; such for instance, as cases where one party has laid out large sums in improvements upon the estate; for, although under such circumstances, the money so laid out does not in strictness constitute a lien on the estate, yet a court of equity will not grant partition without first directing an account, and compelling the party applying for partition to make due compensation; so where one tenant in common has been in the exclusive enjoyment of the rents and profits, on a bill filed for partition and account, the latter will also be decreed." *Brownson v. Gifford*, 8 *Howard's Practice*, 390.

Our code provides, section two hundred and ninety-eight, *General Statutes*, 575, that " all or any of the issues

in an action, whether of fact or law, or both, may be referred, upon the written consent of the parties, or upon their oral consent in court entered upon the journal." And the following section says, " when the parties do not consent, the court may, upon application of either, or of its own motion direct a reference in either of the following cases: *First.* Where the trial of an issue of fact shall require the examination of mutual accounts, or where the account is on one side only, and it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account; in which case the referees may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein. *Second.* Where the taking of an account shall be necessary for the information of the court before judgment, in cases which may be determined by the court, or for carrying a judgment into effect. *Third.* Where a question of fact, other than upon the pleadings, shall arise upon motion or otherwise, in any stage of an action."

A purely legal action cannot be referred except by consent of parties, as neither party can be deprived of the right to a trial by a jury in such cases, and in actions involving an account between the parties, it is only in cases of a purely equitable nature that a reference can be ordered, without consent of the parties.

Partition in this state is regulated by statute, and is a matter of right to any party holding title in common with others; and while in former times, in a certain class of cases, partition was made in actions at law, yet the action is equitable in its nature. We think the court had authority to appoint a referee to take the proof and state an account between the parties in this case. There are many cases involving questions of trust, and the like, where the allegations of the petition are denied by the answer, where a referee cannot be appointed, except by

consent, until the court has found such trust or agency to have existed, but in this case the court before the appointment of the referee, had found the facts stated in the petition to be true and had rendered judgment thereon.

It is contended by the plaintiff in error that the court erred in overruling defendant's motion for leave to file an amended answer. While the entire subject of amendments is in the discretion of the courts before which the case is tried, yet it is a legal discretion, and if it should be made to appear to a reviewing court that the amendment sought to be made, of any pleading, process, or proceeding, is in furtherance of justice, it will be held to be error to refuse such amendment, but the court may prescribe the terms upon which the amendment may be made. In this case the record shows that no amended answer was sought to be filed until after judgment fixing the shares of the respective parties and ordering partition had been rendered, and referees to make partition had been appointed, and made their report; and no reason is assigned for the delay, nor does it appear that the plaintiff in error had any defense whatever to the action.

We have examined the evidence included in the bill of exceptions in this case, and find the judgment fully sustained by the evidence.

We see no error in the record, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

MR. JUSTICE GANTT concurs.