THOMAS GIBSON, PLAINTIFF IN ERROR, v. RICE ARNOLD, DEFENDANT IN ERROR.

1. **Practice.** AN EXCEPTION taken in the court below must not be so indefinite as to leave it uncertain as to what it is intended to apply.

2. ———: MOTION FOR NEW TRIAL. To obtain a review of a case in this court, the party must first have fully and fairly presented, in the proper mode, the questions of law to the court below.

ERROR from the district court of Washington county.

*E. Estabrook,* for plaintiff in error.

*Carrigan & Osborn,* for defendant in error.

GANTT, J.

The plaintiff in error was plaintiff in the court below, and brought this action to recover damages for an alleged conversion of property. It appears that upon a warrant of the county treasurer for that purpose, the defendant, Arnold, sheriff of the county, distrained and sold at public auction the property in question for the payment of unpaid delinquent taxes of the plaintiff. The board of county commissioners were made a party defendant, and interposed a general demurrer to the plaintiff's petition. The demurrer was sustained. It is very clear that if property seized by distress for the payment of delinquent tax is wrongfully taken by the officer charged with the collection of such tax, the county cannot be made liable in damages for such unlawful seizure, and hence there being no cause of action against the county, the demurrer was properly sustained.

The defendant, Rice Arnold, filed his second amended answer, to the second count of which the plaintiff demurred. The demurrer was overruled, and no exception was taken. The plaintiff filed a reply, to which

defendant, Arnold, demurred, and the demurrer was sustained, and no exception was taken. Judgment of dismissal of the cause was entered, and also judgment in favor of defendant for costs. The record shows that the plaintiff did not appear in court at this time, but that afterwards and during the same term he "appeared by attorney in open court and excepted to the *order of the court* herein." This exception is so indefinite that from an inspection of the record it is impossible to ascertain with certainty to what it was intended to apply. If the plaintiff, when he appeared in court, which it is admitted he was in time to do, had filed the proper motion and had obtained the ruling of the court upon such motion, he might have put his case in shape to obtain a review of it in this court. But for some reason he did not do so, and as there is no error in the judgment itself, the record does not present any subject matter upon which this court can properly pass and the petition in error must be dismissed and the cause remanded to the district court.

PETITION DISMISSED.