J. W. HOSFORD, PLAINTIFF IN ERROR, v. STONE AND EASLEY, DEFENDANTS IN ERROR.

1. **Practice:** JUDGMENT ON REPORT OF REFEREE. Where an action *at law* has been referred to a referee, who has made his report, on which judgment has been rendered, such judgment can only be reviewed *on error*.

2. ———: FAILURE TO TAKE EXCEPTIONS. When no exceptions are taken in the court below, in an action at law, where a trial on the merits has been had, the case cannot be reviewed in the supreme court.

3. ———: MOTION FOR NEW TRIAL. In an action at law, it is not sufficient merely to take exceptions to the ruling of the court confirming the report of the referee, but the alleged errors must be brought before the court by a motion for a new trial.

4. ———: REFERRING LEGAL ACTION. A purely legal action cannot be referred except by consent of parties; but the court will presume that consent was given when the record fails to show that objections were made to a reference.

5. **Promissory Note** A promissory note, drawn for a sum certain and made payable to any person " or order," " or assigns,"

" or bearer," is negotiable; but if it is payable to a certain person without words making it payable " to order," " or assigns," " or bearer," it is not a negotiable instrument.

6. ———: ———. Any words in a promissory note from which it appears that the person making it intended it to be negotiable will give it a transferable quality; but the words " negotiable and payable without defalcation or discount," do not of themselves make an instrument, otherwise non-negotiable, negotiable.

THIS was an action upon a promissory note, purchased by Stone and Easley, from the payee, Tercelte Kencleur. Judgment below was given by WEAVER, J., against Hosford, the maker of the note, to reverse which .he brings the case into this court by petition in error.

*Clarence Gillespie*, for plaintiff in error.

There are but three words of negotiability in promissory notes, etc., known to our law. They are " Order," " Bearer," and " Assigns;" without these words they are not negotiable commercial paper. Gen. Stat. of Neb., Sec. 1, page 426. 3 Kent, 77–78. Story on Bills, 75. Story on Promissory Notes, 3. 1 American Ld'g. Cases, 317. This note therefore, was opened up to all the equities that the plaintiff in error could bring against it, and these defendants by purchase of said note, could not claim to be good faith holders of the same, and discharged of the equities existing against said note. *Hedges v. Sealey*, 9 Barbour, 214. *Ayer v. Hutchins*, 4 Mass., 370. *Tousey v. Shook*, 3 Blackf., 267. *Kernodle v. Hunt*, 4 Blackf., 57. Chitty on Bills, 73.

*T. C. Hoyt* and *E. W. Thomas*, for defendant in error.

Defendants in error purchased this note June 19, 1872, paying $350 cash, and notified plaintiff of their purchase on same day, and this note, if not negotiable, would not be opened up to any equities that plaintiff in

error could bring against it after that date. 2 Parsons on Bills and Notes, 46. *Thompson v. Emery*, 7 Foster, 269. *Goodrich v. Stanley*, 23 Conn., 79. *King v. Fowler*, 16 Mass., 397.

MAXWELL, J.

The defendants in error brought an action in the district court of Richardson county against the plaintiff in error upon a promissory note, of which the following is a copy :

"$373.00.          "RULO, NEB., May 31, 1872.·

" Thirty days after date I promise to pay Tercelte Kencleur three hundred and seventy-three dollars, for value received, negotiable and payable without defalcation or discount.

                                      "J. W. HOSFORD."

Hosford answered the petition, setting up various defenses, to which the defendants in error filed a reply. The case was then referred to J. F. Gardiner to take the proofs and report his findings to the court. The referee took the testimony in the case without objection and made his report thereon to the court. The referee found that the defendants in error purchased the note in question from the payee on the nineteenth day of June, 1872, and paid $350.00 for the same, and that said note was due on the thirtieth day of June, 1872, and that Stone and Easley had no notice of any equities connected with the transaction except what appears on the face of the note. The court rendered judgment for the defendants in error for the full amount claimed, to reverse which Hosford brings the cause into this court by petition in error.

This is an action at law, and in order to authorize a review of any question determined by the

court below, a motion for a new trial must have been made in that court, in which should be presented all objections to the ruling of the court. *The Midland Pacific v. McCartney*, 1 Neb., 404. *Mills v. Miller*, 2 *Neb.*, 317. *Cropsey v. Wiggenhorn*, 3 *Neb.*, 117. *Wells, Fargo & Co., v. Preston*, 3 *Neb.*, 440. *Horbach v. Miller*, 4 *Neb.*, 43. *Gibson v. Arnold*, 5 *Neb.*, 186.

When an action at law has been referred to a referee who has made his report, and judgment has been rendered thereon, such judgment can only be reviewed on error. In *Robertson v. Hall*, 2 Neb., 17, this court say: "No exceptions were taken in the court below. No such proceeding as an appeal for trial *de novo* in an action at law from the district to the supreme court is known to our law." And it is not sufficient merely to take exceptions to the ruling of the court in confirming the report of the referee in an action of this kind, but the alleged errors must be brought before the court by a motion for a new trial. This would dispose of the case, but we have thought best to look into the record and examine the findings.

It is claimed that the note in question is not negotiable because the words "to the order of" were stricken out of the printed blank. The statute provides that: "All bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money certain, and made payable to any person or order or to any person or assigns, shall be negotiable by endorsement thereon," etc. It is also provided that those drawn, "payable to bearer, shall be transferable by delivery without endorsement thereon."

If a promissory note is payable to a certain person, without words making it payable "to order," "or assigns," "or bearer," it is not a 'negotiable instrument. In 1 Parsons on Notes and Bills, 15, it is said: "If A promises to pay B, no one but A and

B are parties to this contract.   *   *   But if the note is payable to order it is a very different instrument. Then A promises not merely to pay B, but either B, or at B's election, such other person as B may order A to pay the note to; therefore, when B orders A to pay the note to C, it follows that C may claim payment as if the note had been originally payable to himself; or, in other words, C stands fully in the place of B.   And if B orders A to pay the note to C, or his order, then C has the same power of substituting another that B originally had, and this substitute may have the same power, and thus indefinitely.   No particular form of words is necessary to make a note negotiable; 'order,' 'assigns,' or 'bearer,' are convenient and expressive, but are not the only words which will communicate the quality of negotiability.   Any words in a bill from whence it appears that the person making it intended it to be negotiable, will give it a transferable quality." *Raymond v. Middleton*, 29 Penn. St., 530.   Chitty on Bills, 218. *United States v. White*, 2 Hill, 62.   *Gibson v. Maist*, 1 H. Blacks, 569.

But the words " negotiable and payable without defalcation or discount," do not of themselves make an instrument, otherwise non-negotiable, negotiable.

It is objected that this being an action at law, therefore the court erred in referring it.   It is well settled that a purely legal action cannot be referred except by consent of the parties. *Mills v. Miller*, 3 Neb., 94. *Lamaster v. Schofield*, 5 Neb., 148.

But consent will be presumed where the record fails, as in this case, to show that objections were made to a reference.   The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.