Roose v. Perkins.

FRED ROOSE AND OTHERS, PLAINTIFFS IN ERROR, V. ELIZA PERKINS AND OTHERS, DEFENDANTS IN ERROR.

1.  **Practice:** JOINDER OF PARTIES. In case of misjoinder of parties defendant, only those improperly joined can raise the objection. But where it appears on the face of a petition that there is a non-joinder of defendants a demurrer will lie on that ground.

2.  ———: OVERRULING DEMURRER. Upon overruling a demurrer to a petition, it is not error for the court to require the defendant to answer *instanter*. Particularly so where it does not appear that there is any defense to the action.

3.  **Action by Married Woman and Children against Liquor Seller.** A married woman and her minor children, constituting one family, may join in an action for loss of the means of support against those who have furnished intoxicating liquor to the husband and father.

4.  **Selling Liquor:** WHO LIABLE FOR DAMAGES. Where a number of persons furnished intoxicating drink to one P., the drunkenness continuing until his death, *Held*, if P. died from the effects of the drunkenness, all those furnishing liquor to produce it were liable.

5.  ———: DAMAGES. In estimating damages, the jury may consider the situation of the deceased, his annual earnings, his estate, if any, his habits, health, and reasonable expectation of life. And where he is shown to be a strong, robust man, the Carlisle tables of expectancy may be introduced.

6.  ———: ———. The right of support is not limited to the bare necessaries of life. But in no case can the judgment be for a greater sum than the value of the means of support of which the plaintiff has been deprived.

7. ————: ABATEMENT OF ACTION. The death of a husband and father does not cause an action for loss of the means of support to abate, the death being a mere incident, not the principal cause of action.

8. ————: LICENSE NO PROTECTION. A license is no protection to a vendor of intoxicating drinks in an action for loss of the means of support. The statute, in effect, says to every one engaged in the traffic, beware to whom you sell or furnish intoxicating liquor.

9. ————: DAMAGES. Damages are only recoverable for the actual injury sustained. Exemplary damages cannot be recovered.

10. Practice: ARGUMENT OF ATTORNEYS. An attorney should confine his argument before a jury to a legitimate discussion of the issues presented by the case. Statements of fact outside of the evidence, if properly excepted to, may require a reversal of the case.

11. ————: ————. Where the attorneys for the defendants withdrew from the case, *Held*, not error to permit two attorneys to address the jury on behalf of the plaintiff.

ERROR to the district court for Seward county. Tried below before POST, J. The facts appear in the opinion.

*Lowley & Leese* and *Norval Brothers*, for plaintiffs in error.

1. There is a defect of parties plaintiff. The action should have been brought by the legal representatives of the deceased. The *widow* cannot maintain the action. Statutes, 272, secs. 1, 2; p. 853, sec. 577. *Davis v. Justice*, 31 Ohio State, 364. *Weidner v. Rankin*, 26 Ohio State, 522. If it be claimed that the *widow* and *children* can maintain an action, yet they cannot maintain a joint action, for it is a well settled rule of law that a joint action cannot be maintained against a common defendant by two parties, having distinct and separate causes of action, while neither has any interest in the causes of action of the other. *Bort v. Yaw*, 46 Iowa, 323.

22

2.   Instructions numbered one, two, and three were erroneous for the following reasons:

*First.*   The jury were told that plaintiffs could recover for injuries accruing to each individual, and for which each should maintain a separate action, if one is maintainable.

*Second.*   In enunciating as a principle of law that each defendant is liable for the acts of all, without showing a conspiracy.

*Third.*   In directing the jury that all the defendants who sold the liquors were liable, not only for their own acts, but the acts of others who were not parties to the suit.

*Fourth.*   The question of joint liability is one of fact for the jury and not the *court* to determine.   2 Hilliard on Torts, chap. 33, sec. 9, *c*.

The fourth instruction is clearly erroneous for these reasons·

*First.*   In directing the jury that in determining the amount of damages they could take into consideration the *estate* of the deceased.   Could the fact, that the deceased was as rich as a Jew or as poor as a church mouse, cut any figure in the case?·

*Second.*   In directing the jury to consider the amount of the deceased's earnings.   It should have been, the amount he would have *earned* and *applied* to the support of plaintiff.

*Third.*   In telling the jury that the "Tables of Expectancy" should be considered by the jury.   Damages can not be allowed for injury to means of support in consequence of the intoxication which caused the death of the intoxicated person.   The statute does not give such an action, nor could one have been maintained at common law.   *Davis v. Justice*, 31 Ohio State, 359.   *Mobile Life Ins. Co. v. Brame*, 95 U. S. Rep., 754.

Roose v. Perkins.

*Hart & Edwards*, and *McKillip & Page*, for defendants in error.

1. There was no improper joinder of defendants; the motion to strike was therefore properly overruled by the court, and for the further reason that if there was a defect, the remedy was demurrer. *Woolheather v. Risley*, 38 Iowa, 486. *Hackett v. Smelsey*, 77 Ill., 107, 121. *Jewett v. Warshura*, 43 Iowa, 574. Pomeroy on Remedies, 391, 307. *Fountain v. Draper*, 49 Ind., 441. *Stone v. Dickenson*, 5 Allen, 29. *La France v. Krayer*, 42 Ia., 143. *Kearney v. Fitzgerald*, 43 Ia., 580.

2. There is no defect of parties plaintiff. The action is properly brought in the name of the wife or widow for herself and her minor children, and not as personal representative. Demurrer was properly overruled. Gen. Stats. Neb., 853 sec. 576–7 and 581. Gen. Stat. Neb., 272, Secs. 1, 2. *Emory v. Addis*, 71 Ill., 273. *Hackett v. Smelsey*, 77 Ill., 109. *Davis v. Justice*, 31 Ohio, 364. The dissenting opinion and authorities there cited. *Raferty v. Buckman*, 46 Iowa, 195. *Jackson v. Brooking*, 5 Hun., N. Y., 533.

3. The fourth instruction is correct. Where, as in this case, the action is for damages for means of support, the estate may be considered. Suppose the deceased was rich, and in his lifetime drew his means of support for his wife and family from the profits or proceeds of his estate, and he dies possessed of said rich estate, and the profits or proceeds continue to flow in for the support of his family; and suppose again the deceased was poor and the entire means of support were the proceeds of his manual labor, when he dies their entire means of support is gone, and gone forever—is there no difference in the damage to the means of support left to the families of the rich and the poor? What figure does

the Jew and church mouse argument cut here? *Wight v. Devere*, 33 Wis., 570. *Schneider v. Hosier*, 21 Ohio St., 90. *Mulford v. Clewell*, 21 Ohio St., 191. *Wool-heather v. Risley*, 38 Ia., 486. *Hackett v. Smelsey*, 77 Ill., 109. *Raferty v. Buckman*, 46 Ia., 200. Field on Damages, 503, Sec. 632.

MAXWELL, CH. J.

Eliza Perkins, one of the defendants herein, brought an action in the district court of Seward county, in her own behalf, and as next friend for her eight minor children, against Charles Hackworth, and the firms of Rummel & Goodbred, Kuhlenkamp & Weber, and Roose Bros. & Wolf, keepers of the various saloons in the town of Seward, to recover the sum of $10,000 for injuries sustained by herself and children by the death of her husband, caused by liquors sold and furnished to him by the saloon keepers above named, whereby the means of support of herself and children were cut off and destroyed. On the trial of the cause a verdict was returned in favor of the plaintiffs for the sum of $3000, upon which judgment was rendered. Roose Bros. & Wolf and Charles Hackworth bring the case into this court by petition in error. The errors assigned will be considered in their order:

*First.* It is claimed that the motion of the defendants below should have been sustained, requiring the plaintiffs to state in their petition whether defendants were selling under license or not. The motion was properly overruled. This is not an action on the bond, and the statute expressly provides that the person licensed shall pay all damages, etc. The license is no protection from liability. Gen. Stat., 853.

*Second.* It is urged that there was an improper joinder of defendants and that the motion to strike out should have been sustained.

Section 576 of the criminal code, Gen. Stat., 853, provides that "the person so licensed shall pay all damages that the community or individuals may sustain in consequence of such traffic," etc.   Section 578 provides that "when any person shall become a county or city charge by reason of intemperance, a suit may be instituted by the proper authorities on the bond of any person licensed under this chapter, who may have been in the habit of selling or giving intoxicating liquors to the person so becoming a public charge; *provided,* that the person against whom a judgment may be rendered under the provisions hereof may recover by a similar action a proportionate part of said judgment from any or all persons engaged in said traffic, who have sold or given liquor to such person becoming a public charge, or to any person committing an offense."

Section 579 provides that: "On the trial of any suit under the provisions hereof, the cause or foundation of which shall be the acts done or injuries inflicted by a person under the influence of liquor, it shall only be necessary to sustain the action to prove that the defendant or defendants sold or gave liquor to the person so intoxicated or under the influence of liquor, whose acts or injuries are complained of, on that day or about that time when said acts were committed, or said injuries received; and in an action for damages brought by a married woman, or other person whose support legally devolves upon a person disqualified by intemperance from earning the same, it shall only be necessary to prove that the defendant has given or sold intoxicating drinks to such persons in quantities sufficient to produce intoxication, or when under the influence of liquor."

It will be perceived that *every person* who has given or sold intoxicating drinks to another in quantities sufficient to produce intoxication, or when under the

influence of liquor, is liable. The motion was therefore properly overruled. But suppose parties defendant are improperly joined, who can take advantage of the misjoinder? The defendant, Hackworth, moves to strike out of the petition the names of all the other defendants because they are improperly joined with *him* in the action. An objection of this kind can be made only by those defendants who are wrongly sued, by separate demurrers to the petition, not on the ground of " defect of parties"—that is available when it appears on the face of the petition (that there is a nonjoinder of parties plaintiff or defendant)—but upon the ground that the facts stated in the petition do not constitute a cause of action against the party demurring. This is not a case where there is a misjoinder of causes of action. It is difficult to perceive how a party properly sued can be injured by the joinder of other parties. When on the trial of a case it appears that parties not liable have been improperly joined, the cause will be dismissed as to them at the plaintiff's costs.

*Third.* Objection is made that time was not given Kahlenkamp, Hackworth, and Rummell to answer. It appears from the bill of exceptions that the court, upon overruling the demurrer of the defendants to the petition, required the defendants to answer instanter, whereupon the attorneys for the defendants refused to plead further, and announced their intention to appear no further in the case. Such being the case the court did not err in permitting the cause to proceed to trial. Where it is apparent that a defendant has a defense to an action, the court, upon overruling a demurrer, must allow a reasonable time in which to prepare an answer, unless it appears that the demurrer was filed merely for delay, and not with any expectation that it would be sustained. But it nowhere appears that the defendants had any defense to the action, and therefore they

could not be prejudiced by the order of the court. *Mills v. Miller*, 3 Neb., 95.

The *fourth* objection is that the action should have been brought in the name of the legal representative of the deceased, and that the widow and children cannot maintain a joint action. The statute expressly provides that a married woman or other person, whose support legally devolves upon the person disqualified by intemperance from earning the same, may bring an action. Can there be any objection therefore to all those legally entitled to a support joining in an action? The action is for loss of support, and so long as those entitled to support constitute *one* family, they may unite in bringing an action.

The *fifth* objection is that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs. Without recapitulating the facts stated therein, it is sufficient to say that no serious defect in the petition has been pointed out, and in our opinion it states sufficient facts to ·sustain a judgment.

Objections are made to the first, second, and third instructions, which are as follows:

1. "This is a civil action of the plaintiff against the defendants jointly, for damages which plaintiffs claim to have sustained as the result of drinking· intoxicating liquors, which plaintiffs claim to have been sold to and drank by James B. Perkins, the husband of Eliza, and the father of Lewis Perkins *et al.*, which liquors plaintiffs claim were sold by said defendants."

- "2. If from the evidence you find that plaintiff's husband bought and drank intoxicating liquors at various places and from various persons, including all the defendants, on the 29th and 30th day of January, 1877, and that he on the 29th day of January became drunken, and that such drunkenness continued until his death on the 30th day of January, and that on

said 30th day of January he died, as the effect of such drunkenness, then all of these defendants are jointly liable."

" 3.   But if you find 'from the evidence that the liquors which deceased drank on the 29th did not contribute to produce his death, but that it was produced wholly from the effect of liquors which he drank on the 30th day of January, 1877, then you can give your verdict only against those defendants who, under the evidence, have been shown to have sold such liquors to him that did so contribute to his death."

The question presented by the first instruction has already been decided.   This being an action for loss of support, all those legally entitled to such support may unite in the action.

As to the second instruction, it appears from the testimony of a number of witnesses that the deceased, on the 29th of January, 1877, drank at, at least, three of the saloons named, and that he was taken home at night so much intoxicated as to be helpless.   It also appears that he returned to Seward the next morning, and drank several times during that day; the question, therefore, whether the drunkenness continued from the 29th to the 30th was properly submitted to the jury.

As to the third instruction, the court did not assume to take the question of joint liability away from the jury, as contended for by the plaintiffs in error, but simply directed their attention to what facts would constitute joint liability.   The liability of persons selling intoxicating drinks does not arise, as in cases of conspiracy, from an agreement to enter into an unlawful enterprise, but from the nature of the business.   No other business produces such want and destitution.   The statute, therefore, makes all who contribute by furnishing liquor to produce intoxication, liable.   There is no error, therefore, in the third instruction.

The fourth instruction is as follows: "In determining the amount which plaintiff should recover in this action, if any, you should consider the situation of the deceased—his annual earnings, his habits, his health, and his estate, if any, the profits of his labor, what he would have earned had he lived for the support of those entitled to recover, and the probability or the reasonable expectation of the life of the deceased at the time of the injury, and in determining this you may take into consideration the tables of expectancy which have been introduced in evidence."

It is the duty of a husband to support his wife, and there is a legal obligation on his part to do so, and the same is true as to a father supporting his minor children. This right of support is not necessarily limited to the bare necessaries of life. The condition of the family and also that of the estate are proper to be considered by the jury, not for the purpose of determining how much may be required for the support of the family, but as an element in determining what the amount of injury may be from the loss of support, as in no case in this kind of action can the judgment exceed the value of such support, whatever may be the necessities of the family.

It is claimed that damages cannot be allowed for loss of support when death has been caused by intoxication. In *Davis v. Justice*, 31 Ohio State, 359, it was held that there could be no recovery in such case. Section 7 of the statute of Ohio is as follows: "That every husband, wife, child, parent, guardian, employer, or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, such wife, child, parent, guardian, employer, or other person, shall have a right of action in his or her own name,

severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons," etc. The court held that, as at common law, actions for personal injuries abate by death, and cannot be revived or maintained by the executor or by the heir; therefore, as the legislature had not said in terms that an action for loss of the "means of support" should survive, no action could be maintained. The decision is placed on the ground that the action was brought to recover damages for the *death* of the husband, whereas the action was brought for the loss of the means of support, and the death of the husband was a mere incident, which affected the measure of damages. We cannot give our assent to the doctrine laid down in the opinion of the majority of the court in that case. The action being for loss of the means of support, it will lie in any case where the loss is merely temporary, as by disability, or permanent as by death. *Rafferty v. Buckman*, 46 Iowa, 195. *Hackett v. Smelsley*, 77 Ill., 109.

The Carlisle tables of expectancy were properly admitted. The deceased is shown to have been a robust, healthy man, who, but for the use of intoxicating liquor, appears to have had the ordinary prospects of life. The case differs in that regard from that of *Rafferty v. Buckman*, 46 Iowa, 200. But as the plaintiffs in error made no objection in the court below to them, the objection is unavailing in this court.

The defendants in the court below requested the following instruction:

"1. The plaintiffs cannot recover in this action unless the liquors were sold, furnished, or given in violation of the license laws of the state of Nebraska. And it is incumbent upon the plaintiffs to prove that fact."

This instruction was properly refused. A license is

no protection whatever in an action of this kind. The statute in effect says to every one engaged in the traffic: "Beware to whom you sell or furnish intoxicating liquor."

The defendants also asked the following instruction: "2. The plaintiffs are not entitled to exemplary damages," which the court refused to give, to which the defendants excepted.

This instruction should have been given. Damages are given as a compensation, recompense, or satisfaction to a plaintiff for an injury actually received by him from the defendant. They should be equal in amount to the injury sustained; but upon what principle can they be given in excess of that amount? Where damages are awarded for an injury, they are compensation therefor, so far as money can compensate for the injury. In law the party injured, upon being allowed this compensation, has no further claim upon the defendant for that injury; therefore he is not entitled to recover more. If it be said that such damages are given as a punishment, it may be answered that the state inflicts punishment, not individuals; as between individuals, courts enforce rights. The law protects every one in the enjoyment of his property, and it cannot be taken from him under the pretext of punishment, and given to another. The effect ordinarily of instructing a jury that they may find exemplary damages is to say to them that, in estimating damages they need be governed by no rules, be bound by no oath, and that they may return a verdict for such sum, not exceeding the amount claimed, as, according to their whim or caprice, they may deem expedient, without out regard to the amount of the injury. The rule adopted by this court in *Boyer v. Barr*, 8 Neb., 68, is just and equitable and more satisfactory, and to that we adhere.

It is claimed that the attorneys for the plaintiffs were permitted to go outside of the evidence to make certain statements of fact to the jury during their argument.  As was said in *Cropsey v. Averill*, 8 Neb., 160, this statement, if true, cannot be too severely censured, and, if properly presented, would be good ground for the reversal of the judgment.  It is the duty of the court to confine counsel within the bounds of legitimate discussion, if its attention is called to the matter. But so far as appears no objection was made in the court below to the statements of counsel, and the objection cannot be made here for the first time.

The last objection of the plaintiffs in error is that attorneys for the plaintiff in the court below were permitted to re-argue the case to the jury.  It appears that both attorneys for the plaintiffs were permitted to address the jury, the defendants' attorneys having withdrawn from the case.  This was a matter resting in the discretion of the court, and was not, so far as appears, prejudicial to the defendants.  The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.