HELEN O'CONNELL, PLAINTIFF IN ERROR, V. TIMOTHY O'CONNELL, DEFENDANT IN ERROR.

**Practice:** OPENING JUDGMENT: DIVORCE. Section 82 of the code providing for opening judgments rendered upon constructive service has no application to actions for divorce.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*George E. Pritchett,* for plaintiff in error.

*J. C. Watson,* for defendant in error.

MAXWELL, CH. J.

I.   In the year 1879 the defendant in error obtained a decree of divorce from the plaintiff in error in the district court of Otoe county, upon the ground of abandonment.   The plaintiff herein was a non-resident of the state, and service was had upon her by publication.   At the April, 1880, term of said court, the plaintiff herein filed an answer to the petition, together with an affidavit and motion, under section 82 of the code, to set aside the decree and be let in to defend, upon the ground that she had no actual notice of the pendency of the action before the decree was entered.   The motion was overruled, and the cause is now brought into this court by petition in error.

It is now. insisted, on the part of the plaintiff in error, that the affidavit upon which publication was made was insufficient to give the court jurisdiction, and the decree is therefore void.   The following is a copy of the affidavit, omitting the title of the cause: " J. C. Watson being by me first duly sworn, says he is the duly authorized attorney of record of the plaintiff in the above entitled action named; that this case is one of those mentioned in section number ten, chapter 19, of the General Statutes of this state, viz.: that the above named defendant Helen O'Connell is a non-resident of the state of Nebraska, and that said plaintiff, on the twenty-second day of February, 1879, filed his petition in said cause against said defendant, charging the defendant with being willfully absent from said plaintiff for two years last past, without any cause or justification therefor, and of having disregarded her duties of a wife toward said plaintiff, and praying for a divorce from said defendant.   Affiant further states, that service of summons cannot be made on said defendant within this state," etc.

It is claimed by the attorney for the plaintiff that the law requires the affidavit for publication to state either that the plaintiff is a resident of the state, or that the marriage was solemnized therein. This is necessary in a petition for a divorce, but not in an affidavit for publication. The affidavit must contain sufficient facts to show that the case is one in which service may be made by publication, and that service of summons cannot be made within this state on the defendant to be served by publication. The affidavit is therefore sufficient.

II. Objection is made that the affidavit for service by publication was made on the day on which the first publication was made, and the record fails to show that it was filed before the publication of the notice. The court below held the affidavit to have been properly filed, and there is nothing before us to show that the court erred in that regard.

III. Do the provisions of section 82 of the code apply to actions for a divorce? [Gen. Stat., 536.] This question was before the supreme court of Kansas in the case of *Lewis v. Lewis*, 15 Kan., 181. The court, after an elaborate review of the authorities, denied the application to set aside the default and permit the defendant to answer. And the same ruling was had in *McJunkin v. McJunkin*, 3 Ind., 30. *Gilruth v. Gilruth*, 20 Iowa, 225.

In the case of *Bingham v. Miller*, 17 Ohio, 445, the court, while declaring that the legislature had no authority to grant divorces, refused to declare such divorces void. The court say: " To deny this long exercised power, and declare all the consequences resulting from it void, is pregnant with fearful consequences. If it affected only the rights of property, we should not hesitate; but second marriages have been contracted, and children born, and it would bas-

tardize all these, although born under the sanction of apparent wedlock, authorized by an act of the legislature before they were born, and in consequence of which the relation was formed which gave them birth."

It is very clear from an examination of section 82 of the code, that the legislature intended to limit its application to the cases mentioned in section 77, and that it has no application to divorce suits. Our law seems to be defective in not requiring the service of a copy of the petition upon the defendant where the residence is known; but that is a consideration to be addressed to the legislature, and not to the court. The judgment of the district court is clearly right, and must be affirmed.

JUDGMENT AFFIRMED.