DAVID RUSSELL, MODERATOR OF SCHOOL DISTRICT No. 64 OF YORK COUNTY, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, EX REL. E. E. ARMOR, COUNTY SUPERINTENDENT OF YORK COUNTY, DEFENDANT IN ERROR.

**Schools:** CONTRACT WITH TEACHER. The statute specially authorizes the director of a school district to employ teachers either with the assent of the moderator and treasurer, or one of them, or by their direction. A contract with a teacher therefore, entered into on behalf of the district by the director and treasurer without the assent of or notice to the moderator, is valid.

ERROR to the district court for York county. Tried below before POST, J.

*Montgomery & Harlan,* for plaintiff in error, cited School Law, subd. VIII, section 4, Comp. Stat., 466. *People, ex rel. Hunter, v. Peters,* 4 Neb., 254. *State, ex rel. Mitchell, v. School District,* 8 Neb., 92. *Kemerer v. The State,* 7 Neb., 130.

*Sedgwick & Power,* for defendant in error, cited *Everett v. School District,* 30 Mich., 249.

MAXWELL, J.

This action was brought in the district court of York county, by the county superintendent of that county, to compel the plaintiff in error, as moderator of school district No. 64 of York county, to countersign certain school district orders in the sum of $75, drawn by the director of said district in favor of Emma Richards. A peremptory writ was awarded in the court below, from which judgment the moderator brings the cause into this court by petition in error.

It appears from the record that no motion for a new trial was made in the court below, and this being an action

at law the cause cannot be reviewed. We might therefore affirm the judgment without an examination of the record; but inasmuch as the question raised is one of considerable . importance, it will be considered. It appears from the record that Miss Richards was a qualified teacher, and that in the summer of 1881 she taught the school in question for three months at $25 per month; that the orders in question were regularly drawn and duly presented to the moderator for his signature, and that he refused to countersign the same, his excuse being that the teacher in question was employed by the director and treasurer without his consent, and without his receiving notice that such contract was about to be made. The question involved requires a construction to be given to section 11, sub. IV of the school law of 1881, which reads as follows: "The director, with the consent and advice of the moderator and treasurer, or one of them, or under their direction, if he shall not concur, shall contract with and hire qualified teachers for and in the name of the district, which contract shall be in writing and shall have the consent of the moderator and treasurer, or one of them, endorsed thereon, and shall specify the wages per week or month as agreed by the parties, and a duplicate thereof shall be filed in his office: *Provided*, that if a director shall refuse to make and sign such contract when directed so to do by the moderator and treasurer, then it may be made and signed by the moderator and treasurer." Comp. Stat., 460.

The director, with the assent of either the moderator or treasurer, may hire teachers, or if the moderator and treasurer agree upon a teacher they may require the director to employ the person agreed upon, or in case of his refusal undoubtedly may themselves employ such person. In order to secure harmony in the district, it is desirable that all those entrusted with the duty of hiring teachers should agree upon the person to be employed, but it is not necessary to the validity of the contract. The law imposes upon

the director the duty of hiring, either at the request of his colleagues or with the assent of one of them. The law having specially authorized the director to perform this duty, it is not necessary to the validity of the contract that there should be a meeting of the school board or even that all the members thereof should be consulted in relation thereto or notified of the employment.

The rule as stated in *The People, ex rel. Hunter, v. Peters,* 4 Neb., 254, as to the ordinary action of a school district board in making a contract on behalf of the district, that there must be notice to or participation in making the contract by all members of the board, is correct. But in the employment of teachers this is unnecessary.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.