JOSEPH P. MANNING ET AL., PLAINTIFFS IN ERROR, V. DENNIS CUNNINGHAM, DEFENDANT IN ERROR.

1. **Errors must be assigned in Motion for New Trial.** In an action at law, to obtain a review of errors which have occurred during the progress of a trial, they must be assigned in the motion for a new trial.

2. **Chattel Mortgage:** PRIORITY OF LIENS. A chattel mortgage, executed by the mortgagor in possession of the property as owner, although the legal title was not to pass to him until the chattels were paid for, where such contract of conditional sale was not filed for record, will take precedence over the secret lien of the party claiming to hold the legal title.

3. **Assignment of Error:** VERDICT. Where the only assignment of error in the motion for a new trial is that the "verdict is contrary to the facts," the verdict will not be set aside unless clearly wrong.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*David Van Etten,* for plaintiff in error.

*Constantine J. Smyth,* for defendant in error.

MAXWELL, CH. J.

This is an action of replevin brought by Cunningham against Black to recover the possession of a span of mules. Manning claimed a special ownership in the mules, by virtue of a chattel mortgage executed by Black to him, and on his motion he was permitted to intervene. The property was taken on the order of replevin and delivered to Cunningham. On the trial of the cause the jury returned a verdict finding the right of possession of the property at the commencement of the action to be in Cunningham, and awarding him five cents damages. Manning thereupon filed a motion for a new trial, "because said verdict is contrary to the facts, and upon the ground of newly discovered evidence." The motion was overruled, to which he excepted, and now assigns errors in this court as follows:

1st. The judgment of the court, that defendants pay the cost of action, when the evidence shows that they were in the rightful possession of said property, and when the action was commenced without demand made upon them, or either of them, to yield possession to the plaintiff, is contrary to law.

2d. The court erred in overruling a motion for a new trial.

19

3d. That the verdict of the jury is not sustained by sufficient evidence in finding the plaintiff entitled to the possession of the mules in controversy at the time of the commencement of the action.

4th. That the verdict of the jury is contrary to law, in finding the plaintiff entitled to the possession of said mules under the issue joined, without also finding him the owner of the same, which it did not find.

5th. That the instructions of the court given to the jury on its own motion were insufficient, vague, misleading, and contrary to law.

6th. That said judgment is not sustained by the verdict rendered.

7th. That the verdict is contrary to law.

8th. That said verdict is not sustained by sufficient evidence.

The plaintiff therefore prays:

1st. That said judgment be reversed.

2d. That judgment be rendered in favor of said Manning and against said Cunningham for the sum of $250, with interest from the 21st day of November, 1883, as the proof shows they were worth that sum on that day, with costs of suit; or

3d. In lieu thereof, that said action be remanded for a new trial, and for such other relief as justice may require.

The rule is well settled in this court that errors which are alleged to have occurred during the trial must be assigned in the motion for a new trial, or they will be waived. *Horbach v. Miller*, 4 Neb., 43. *Singleton v. Boyle*, 4 Id., 415. *Horacek v. Keebler*, 5 Neb., 356. *Hosford v. Stone*, 6 Neb., 381. *Walrath v. State*, 8 Neb., 88. *Stanton County v. Canfield*, 10 Neb., 390. *Russell v. State*, 13 Neb., 68. *Dodge v. People*, 4 Neb., 228. *Light v. Kennard*, 11 Neb., 130.

There is no evidence set out in the abstract as newly

discovered. The only ground of error, therefore, is that the "verdict is contrary to the facts."

The testimony tends to show that in the year 1881 Cunningham purchased the mules in question for Black, and delivered possession of the same to him. Cunningham claims that the mules were not sold to Black, but merely delivered to him, and not to be his until paid for, while there is other testimony in the record from which it appears that Black was the owner of the mules. In December, 1882, Black executed a chattel mortgage upon the mules in question to Manning to secure the payment of the sum of $800. At the time of the execution of the mortgage Cunningham had no actual notice of any claim or lien on file in the office of the county clerk. There is no doubt that a mortgage executed by Black upon said property to a mortgagee, who took the same in good faith, would take precedence of a secret lien in favor of Cunningham, and if the decision rested upon this question alone the judgment would be reversed. The testimony shows, however, that after the execution and delivery of the chattel mortgage Black transferred certain real estate to Manning, the value of which was $4,000 to $5,000, in which transaction it is claimed by Black the debt secured by the mortgage on the mules was included and satisfied. There is some testimony tending to corroborate his evidence. Manning, while admitting the transfer of the real estate, denies that the entire debt secured by the chattel mortgage has been paid. There is thus a direct conflict of evidence on that point, and the case was one proper to submit to a jury; and as the verdict is not against the weight of evidence, it will not be disturbed. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.